LEO N. KUCZMARSKI and RITA A. KUCZMARSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuczmarski v. Commissioner
Docket No. 2486-71
United States Tax Court
T.C. Memo 1973-168; 1973 Tax Ct. Memo LEXIS 119; 32 T.C.M. (CCH) 811; T.C.M. (RIA) 73168; July 31, 1973, Filed *119 Leo N. Kuczmarski, pro se. George W. Connelly, Jr., for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $1,859.03 deficiency in petitioners' 1967 Federal income tax. The issue to be decided is whether a certain transaction between American Steamship Company ("American") and Oswego Steamship Corporation ("Oswego") was a sale of American stock by its shareholders to Oswego for Oswego's cash and notes, or whether it was a sale of assets by American to Oswego for cash and notes, followed by a liquidating distribution of the cash and notes by 2 American to its shareholders in exchange for their stock. If as petitioners claim the transaction was a sale of American stock by its shareholders (including petitioners) to Oswego for Oswego's cash and notes, petitioners may report their gain from the sale of their American stock on the installment basis, because Oswego's payment per share ($585 cash plus a 3-year $1,235.96 note plus a 10-year $129.04 note), exclusive of Oswego's notes, did not exceed 30% of the selling price. Section 453(b) (2) (A) (ii). [1]
*120 On the other hand, if as respondent contends the transaction was a sale of assets by American to Oswego for cash and notes, followed by a liquidating distribution of the cash and notes by American to its shareholders in exchange for their stock, petitioners are not entitled to elect the installment method but must recognize their entire gain in the year of the liquidation. Petitioners, husband and wife, resided in Eggertsville, New York, when they filed their petition. They filed their joint 1967 Federal income tax return with the district director of internal revenue at Buffalo, New York. 3 On March 23, 1972, the Court notified the parties that this case was set for trial at Buffalo on June 19, 1972. On June 19th petitioner Leo N. Kuczmarski, appearing pro se before Judge C. Moxley Featherston, orally moved that this case be continued generally on the grounds that a case involving another taxpayer but this same issue was pending before the United States District Court for the Western District of New York. Respondent vigorously opposed petitioners' motion, noting, among other things, that the petition in this case was filed prior to the complaint in the District Court *121 and that the latter case was not ready for trial. Judge Featherston granted petitioners' motion to continue on the basis that the parties file a joint motion to calendar the case on the Bufffalo trial calendar beginning September 25, 1972, and that petitioners endeavor to retain counsel prior to trial. On July 19, 1972, the parties jointly moved that the case be calendared for trial at Buffalo on September 25, 1972, and that motion was granted. On September 25, 1972, the parties appeared before JudgeCynthia Holcomb Hall. Petitioner Leo N. Kuczmarski again appeared pro se, and again orally moved for a continuance. Respondent vehemently objected to this motion. Between July 19th and September 25th petitioners had employed counsel who had negotiated a settlement on their behalf with respondent. Respondent mailed settlement documents to 4 petitioners on September 8th. However, on September 22nd petitioners changed their minds and decided to try the case. Petitioner Leo N. Kuczmarski told the Court that petitioners did not intend to retain counsel now or in the future to represent them in this case. The Court denied petitioners' oral motion for a continuance and set the *122 case for trial on the afternoon of September 25, 1972. Trial was held as scheduled. At the trial a number of exhibits were introduced into evidence, but some of the most vital, relevant documents, including relevant shareholder minutes and the plan of merger and liquidation as adopted, among others, were not introduced. The record submitted was devoid of any competent evidence that the alleged merger and liquidation had in fact occurred. Briefs were timely filed. On March 20, 1973, the Court, finding the record to be "so incomplete as to make it impossible for this Court to decide" the issue before it, ordered that "the parties stipulate, if possible, whatever facts either party may believe relevant to this issue," including American's plan of merger and liquidation and certain other enumerated documents, together with a statement that the merger and liquidation was carried out in accordance therewith, or otherwise move with respect to supplementing the record in this regard on or before April 30, 1973. 5 On April 30, 1973, pursuant to the Court's order of March 20, 1973, respondent moved to reopen the record for the receipt of further evidence. In support of his motion, *123 respondent's counsel alleged that he had contacted petitioners on April 6th and 9th in an effort to comply with the Court's order, and had requested petitioners to stipulate to the documents specified in the Court's order together with certain other relevant evidence contained in a proposed stipulation which petitioners had informally agreed to on May 22, 1972, but which petitioners refused to sign on the date the case was tried; and that he had contacted petitioners again on April 30, 1973, in an effort to secure petitioners' stipulation to the admission of only the enumerated documents, but that petitioners refused to stipulate anything. On May 3, 1973, the Court served respondent's motion on petitioners and informed them that if they filed a notice of objection to respondent's motion on or before May 17, 1973, the motion would be calendared for hearing on May 30, 1973. Petitioners did not respond. On May 31, 1973, the Court granted respondent's motion of April 30, 1973, to reopen the record for the receipt of further evidence, and calendared the case for further trial at a special session of the Court to be held at Washington, D.C., on July 9, 1973. The Court 6 further *124 ordered that if the parties, on or before June 26, 1973, filed a stipulation pursuant to the Court's order dated March 20, 1973, the further trial scheduled for July 9, 1973, would be cancelled. On June 27, 1973, in accordance with a conference telephone call among the parties and the Court, the Court entered an order extending the time to file the stipulation to July 6, 1973. In the telephone call, Judge Hall advised petitioner Leo N. Kuczmarski that petitioners had the burden of proof, and if additional evidence sufficient to permit the Court to determine the relevant facts was not put into the record, either by stipulation or further trial, the Court would have no alternative but to rule against petitioners on the disputed issue because of failure of proof. Petitioner Leo N. Kuczmarski stated that he understood this. On July 9, 1973, the parties filed a stipulation of facts (together with four joint exhibits) pursuant to the Court's orders of March 20th, May 31st, and June 27th. Accordingly, the special trial session scheduled for July 9, 1973, was cancelled. However, also on July 9th, petitioners filed a document requesting that the Court "withdraw our stipulation, entered *125 between ourselves and the commissioner" and filed this date, because petitioners had no counsel to advise them at the time they signed the 7 stipulation. Petitioners, however, did not rescind or modify their previous statement that they did not intend to retain counsel. Ten months after this case was tried, and in spite of this Court's repeated efforts to obtain a complete record, we still do not have sufficient facts to decide this case on the merits. We have no choice but to hold for respondent on the ground that petitioners, who have the burden of proof (Rule 32, Tax Court Rules of Practice), have failed to carry that burden. Decision will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩